**RECORD NO. 14-4412**

In The

# United States Court Of Appeals

### For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

v.

**JEROME GREEN,**

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE**

_____

**BRIEF OF APPELLANT**
_____

Steven Meier
**MEIER LAW**
1401 East Seventh Street, Ste. 200
Charlotte, North Carolina  28204
(704) 333-3456 – Telephone

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street ♦ Suite 230 ♦ Richmond, VA  23219
804-249-7770 ♦ www.gibsonmoore.net

## TABLE OF CONTENTS

PAGE:

TABLE OF AUTHORITIES ................................................................................... ii

STATEMENT OF SUBJECT MATTER AND
   APPELLATE JURISDICTION ....................................................................... 1

STATEMENT OF ISSUE ....................................................................................... 1

STATEMENT OF THE CASE ............................................................................... 1

   Statement of the Facts ................................................................................ 2

SUMMARY OF ARGUMENT .............................................................................. 4

ARGUMENT .......................................................................................................... 4

   Standard of Review .................................................................................... 4

   Discussion of Issue .................................................................................... 4

CONCLUSION ....................................................................................................... 7

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

PAGE(S):

CASES:

Anders v. California,
　　386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) ...................................7

United States v. Bartram,
　　407 F.3d 307 (4th Cir. 2005) ..............................................................................4

United States v. Booker,
　　543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) .................................4

STATUTES:

18 U.S.C. § 924(c) ......................................................................................................6

28 U.S.C. § 1291 ........................................................................................................1

RULE:

Fed. R. Crim. P. 11 ....................................................................................................1

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This appeal is from a sentence in which the defendant-appellant, Jerome Green, was sentenced to fifty seven (57) months. Timely notice of appeal was filed on May 22, 2014. (Docket 4). This court has jurisdiction pursuant to 28 U.S.C. § 1291.

STATEMENT OF ISSUE

WHETHER THE DISTRICT COURT COMMITTED REVERSIBLE ERROR IN IMPOSING A SENTENCE OF FIFTY SEVEN MONTHS ON THE DEFENDANT-APPELLANT.

STATEMENT OF THE CASE

Jerome Green was one of three defendants named in a fifteen-count indictment filed in the Western District of North Carolina on February 19, 2013. The defendant-appellant was charged in four of those fifteen counts, namely: Conspiracy to Possess With Intent to Distribute Cocaine Base (Count Six); Conspiracy to Possess With Intent to Distribute Marijuana (Count Seven); Possession of a Firearm During and In Relation to a Drug Trafficking Crime (Count Nine); and Possession of a Firearm By a Convicted Felon (Count Twelve). (Bill of Indictment 4-5,7). A Plea and Rule 11 Hearing was conducted on August 28, 2013, and the defendant-appellant entered a plea of guilty to Count 12, as set forth in the Bill of Indictment, pursuant to a written Plea Agreement filed with the

Court on August 26, 2013. (Docket 4). Per the plea agreement and after the guilty plea, the government dismissed the remaining counts. (Docket 4).

The matter came on for a sentencing hearing on April 10, 2014. At that time, the defendant-appellant was sentenced to fifty seven (57) months on Count 12 after the Honorable Max O. Cogburn, Jr., found that the defendant-appellant's guideline calculation was a total offense level twenty one (21) with a criminal history category of III. (Sentencing Transcript 23-24, 32). The defendant-appellant entered notice of appeal on May 22, 2014. (Docket 4).

Statement of the Facts

The defendant-appellant, Jerome Green, was indicted for participation in a conspiracy to possess with the intent to distribute crack cocaine and marijuana in the Charlotte, North Carolina, area. In addition, defendant-appellant was indicted for possessing a firearm in furtherance of a drug trafficking crime and for possessing a firearm as a felon. (Presentence Report 4-5).

According to the presentence investigation, on April 7, 2012, law enforcement conducted a traffic stop on a vehicle containing defendant-appellant, Jerome Green, along with two other occupants, Christopher Lee Wilkes and Chico Caldwell. The vehicle matched a police description of a vehicle used in home invasion robberies of drug dealers. The vehicle initially fled police but eventually stopped. (Presentence Report 4-5).

2

Upon being stopped, law enforcement observed the backseat occupant, Wilkes, pull out a baggie of marijuana from his hoodie pocket, which he then tried to push back into his pocket. When officers ordered Wilkes to exit the vehicle, they observed that he had flex cuffs (zip ties) and Z magazines on his person. Law enforcement also observed a firearm where Wilkes had been sitting. (Presentence Report 4-5).

Officers then searched the driver, Caldwell, and determined that he was wearing body armor, possessed a small plastic bag with 10 crack rocks, and possessed another large plastic bag with large chunks of what appeared to be crack cocaine. Caldwell also had 6 Xanax pills and $200 in United States currency in small denominations. A .40 caliber pistol was on the driver's side floorboard in a nylon holster with the grip oriented up to the driver and the muzzle facing the rear of the car. (Presentence Report 4-5).

The car also contained a backpack which contained 150.8 grams of marijuana, both loose and packaged in baggies, located on the driver's side floorboard. In addition, officers observed 2 sets of digital scales and $594 in United States currency in assorted denominations in the center console of the vehicle. (Presentence Report 4-5).

Jerome Green was the front seat passenger. There was a .22 caliber revolver on the floorboard of his seat. Green is a previously convicted felon who has neither been pardoned or otherwise had his rights to bear arms restored. (Presentence Report 4-5).

3

## SUMMARY OF ARGUMENT

The District Court committed reversible error when it found defendant-appellant's total offense level to be twenty one (21) after including a 4-point enhancement for the specific characteristics of using or possessing a firearm in connection with another felony offense. The Court should not have included the 4-point enhancement under the facts and circumstances of this case. Therefore, defendant-appellant's total offense level without the 4-point enhancement should have been seventeen (17).

## ARGUMENT

THE IMPOSITION OF A FIFTY SEVEN MONTH SENTENCE TO THE FACTS AND CIRCUMSTANCES OF THIS CASE CONSTITUTES A VIOLATION OF THE DEFENDANT-APPELLANT'S CONSTITUTIONAL RIGHTS.

Standard of Review.

The Standard of Review in reviewing the district court's sentencing decision is one of reasonableness. United States v. Bartram, 407 F.3d 307 (4th Cir. 2005); See also, United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). In this context, "reasonable" has been defined as "being in agreement with right thinking or right judgment." United States v. Bartram, 407 at 313.

Discussion of Issue.

The District Court committed reversible error when it found defendant-appellant's total offense level to be twenty one (21) after including a 4-point

4

enhancement for the specific characteristics of possessing a firearm in connection with another felony offense. The necessary felony offense accompanying the defendant-appellant's possession of a firearm to warrant the 4-point enhancement on the defendant-appellant's Presentence Investigation Report was possession with intent to distribute cocaine base and marijuana.

    However, the U.S. Attorney believed that a home invasion robbery of a drug dealer had been committed by the occupants of the vehicle before the traffic stop. (Sentencing Transcript 15, 17-18). As noted above, the defendant-appellant was the front seat passenger in the vehicle that was initially stopped by law enforcement officers because it met the description of a vehicle allegedly being used in home invasion robberies of drug dealers. The U.S. Attorney admitted there was no evidence of a victim or victims, primarily because drug dealers are generally reluctant to present themselves to law enforcement as victims. (Sentencing Transcript 18, 21).

    It was eventually determined by law enforcement that the driver of the vehicle, Caldwell, was wearing body armor and carrying crack cocaine and Xanax on his person. Law enforcement also found a red bag filled with marijuana on the driver's side floorboard underneath Caldwell's feet. In addition, law enforcement determined it was the back seat passenger, Wilkes, who had marijuana and flex cuffs on his person. Only the evidence found on driver Caldwell and passenger

5

Wilkes is consistent, in particular, with crimes of drug possession or trafficking and crimes of violence.

Defendant-appellant Green, on the other hand, did not have drugs, body armor, or flex cuffs on his person. There was insufficient evidence presented that the defendant-appellant was involved with any other connected felony offense. As the Court stated, "He clearly was a felon in possession of a firearm. But when you run around with outlaws, one guy can be a drug dealer and everybody is not necessarily a drug dealer." (Sentencing Transcript 15).

The U.S. Attorney then communicated to the Court that Caldwell and Wilkes, the driver and backseat passenger in the vehicle, both plead to charges brought in state court. (Sentencing Transcript 11-12). The U.S. Attorney admitted that the government ultimately dismissed the defendant-appellant's 18 U.S.C. § 924(c) charge out of fairness to defendant-appellant because Caldwell received less time from the state charges than defendant-appellant would have faced under the present federal charges. (Sentencing Transcript 11-12, 30-32).

Taking all of this into consideration, the Court then found the 4-point enhancement to be the "fairest and best way" to resolve the issue and decided that the defendant-appellant's possession of the firearm was in connection with the possession with intent to distribute marijuana only. (Sentencing Transcript 22-23).

The Court should not have included the 4-point enhancement and should

6

have found the defendant-appellant's total offense level to be seventeen (17). A total offense level seventeen (17) coupled with a criminal history category of III would have put defendant-appellant's guideline range at thirty (30) to thirty seven (37) months, instead of forty six (46) to fifty seven (57) months. As such, the fifty seven (57) month sentence is unconstitutional in application under the facts and circumstances of this matter.

## CONCLUSION

In accordance with the requirements of the decision of the United States Supreme Court in <u>Anders v. California</u>, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), appointed counsel for the defendant has reviewed both the facts and legal issues in the sentencing.

It is counsel's opinion that there are no legal issues that were not properly raised or disposed of by the trial court, and that there are no grounds for an appeal in this case to the Court of Appeals.

It is requested that the Court conduct an independent review of the record pursuant to <u>Anders</u>, *supra* to determine whether the case is "wholly frivolous."

A copy of this brief is being served upon the defendant.

RESPECTFULLY SUBMITTED
JEROME GREEN

/s/Steven Meier
Steven Meier Bar #24412
Meier Law
1401 East Seventh Street, Ste. 200
Charlotte, North Carolina  28204
Telephone: (704) 333-3456
Fax: (704) 376-9330
Email: steve@meierlawnc.com

*Counsel for Appellant*

8

CERTIFICATE OF COMPLIANCE WITH RULE 32(a)
Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this brief contains 1,496 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman.

/s/ Steven Meier
Steven Meier

*Counsel for Appellant*

Dated: September 18, 2014

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on September 18, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

    Amy Elizabeth Ray
    OFFICE OF THE UNITED STATES ATTORNEY
    United States Courthouse
    100 Otis Street
    Asheville, NC  28801
    (828) 271-4661

    *Counsel for Appellee*

I further certify that one copy of the brief was mailed to the Defendant at his last known address of:

    Jerome Green #28110-058
    FCI Butner II
    P.O. Box 1500
    Butner, NC  27509

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

                                  /s/ Ethan N. Greenberg
                                  Ethan N. Greenberg
                                  GIBSON MOORE APPELLATE SERVICES, LLC
                                  421 East Franklin Street, Suite 230
                                  Richmond, VA  23219